**SIGNED this 25 day of May, 2005.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**
_____

# United States Bankruptcy Court

**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE<br><br>ANIBAL MESALA SILVA<br><br>*DEBTOR* | BANKR. CASE NO.<br><br>04-55947-C<br><br>CHAPTER 13 |

**DECISION ON DEBTOR'S REQUEST TO OVERRULE AND DENY OBJECTION OF OLLIE MAE PHILLIPS TO CONFIRMATION**

CAME ON for hearing the foregoing matter. The confirmation hearing was held on May 12, 2005. On May 11, 2005, the debtor filed a request to overrule and deny an objection to confirmation, filed by Ollie Mae Phillips. The court ruled on the record that the objection should be, and was, considered. This decision summarizes that ruling.[1]

---

[1] The debtor filed this pleading, as well as his Motion to Request Ruling on Motion to Overrule and Deny Objection to Confirmation of Plan" and "Debtor's Request for Clarification of Statements or Interlocutory Order Made by the Court on 5/13/05," also without accompanying forms of order. Our local rules require forms of order to be submitted with all motions (including these "requests"). Our electronic filing system is such that, unless a form of order is submitted, there is literally no way to forward the pleading to the judge for consideration. But for the diligence of the clerk of court, the court would not even have known that these pleadings had been filed. The court obviously does not conduct a routine review of all the cases on his docket to see what new pleadings might have been filed that day (or even that week), because there are over 5,700 cases pending on the court's docket.

Ollie Mae Phillips claims that the debtor defrauded her with respect to a certain real estate transaction. Through counsel, she submitted a claim, but the claim was sent to the chapter 13 trustee rather than to the clerk of court. Prior to submitting the claim, Phillips had instigated litigation in state court, after this petition was filed. Phillips did not know of the pendency of the bankruptcy case, as she was not listed on the creditor list filed by the debtor and so did not receive formal notice of the case. Phillips never served the debtor with the state court lawsuit because Phillips was unable to locate the debtor (who lives in California now). When Phillips did learn of the bankruptcy, she sought relief from stay to proceed with the litigation. That request was denied, without prejudice to her seeking relief in this court.

The debtor claims that Phillips did know of the bankruptcy case, and chose not to file a timely claim, as a legal tactic. He also claims that the objection to confirmation, which alleges that the plan is not proposed in good faith, was filed with malice and with the intent to harass and slander the debtor. The debtor acknowledges that Phillips has a claim against him by virtue of a note in the amount of $10,500, but denies having any other liability to Phillips.

The debtor's malice allegation is based solely on the debtor's belief that, because the plan proposes to pay the $10,500 claim in full, any objections to the plan by Phillips must be motivated by malice. Because Phillips in fact claims far greater damages relating to her allegations regarding the debtor's pre-petition conduct, this contention lacks merit. It is not necessary for the court to rule on the merits of the underlying asserted claim in order for the claimant to have the right to contest the *bona fides* of the plan. It is enough that a claim is asserted. It is then incumbent on the debtor to establish that the plan is, in fact, proposed in good faith, as good faith is one of the prerequisites to confirmation of a chapter 13 plan. *See* 11 U.S.C. § 1325(a)(3). Claims are deemed allowed until they are disallowed, and there was, as of the

date of hearing on confirmation, no objection filed to the claim of Ollie Mae Phillips. As the holder of a claim, Phillips had standing to object to the plan. Further, the fact that the debtor may have a defense to an assertion of bad faith does not mean that the assertion is made with malice. The debtor's position is just that – a position. It is not fact.

The debtor next argues the allegations made by Phillips, through her counsel, are groundless. As such, claims the debtor, they should be disregarded, and should be deemed to have been filed with malice. Once again, however, until the court rules that the allegations are groundless, it is premature to suggest that the objection to confirmation are groundless. There is currently pending an adversary proceeding, initiated by Phillips, in which Phillips will be put to her proof. Until that matter has been decided on the merits, it is premature to rule that Phillips' contentions are groundless.

The debtor next argues that the allegations made by Phillips were made with the intention to commit bankruptcy fraud. Once again, the strength of this objection depends on first deciding the merits of the underlying litigation. It is not necessary for Phillips to first prove and establish her claim in order for her to object to confirmation of the plan. By the same token, it is inappropriate to presume that the allegations are established to then rule that the plan is proposed in bad faith. The court declined at the hearing, and declines here as well, to opine whether Phillips allegations are in fact valid. But Phillips most certainly had the right to raise an objection to confirmation, and to have it heard. Filing such an objection is not bankruptcy fraud, nor does it violate any provision of the Code of Professional Conduct applicable to attorneys who practice in this court. The request to disbar counsel for Phillips from practicing in this court is both unsubstantiated and inappropriate, and is denied.

At the hearing, the debtor raised an additional ground for challenging the objection, one not raised

-3-

in his written pleadings. The debtor there suggested that the claim could not even be considered because it had not been timely filed, and so was time barred. Although this ground was not raised in the written pleadings, the court nonetheless considered it, and rejected it. There are two reasons for doing so. First of all, untimeliness is a ground for disallowing a claim, but it must first be urged by way of a filed objection to the claim. *See* 11 U.S.C. § 502(b)(9). Until an objection is filed, a claim is deemed allowed – even an untimely filed claim. *See* 11 U.S.C. § 502(a). Second, the claim was in all likelihood timely filed in any event, as the claim was "filed" with the chapter 13 trustee. Rule 5005(c) provides that "[i]n the interests of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk ... as of the date of its original delivery." *See* FED.R.BANKR.P. 5005(c). The trustee, on the record, through counsel, stated that the paper asserting the claim was delivered to the trustee by the bar date set in this case. The attorney who filed the paper is not a regular bankruptcy practitioner, and is in fact an attorney who voluntarily took the case on a *pro bono* basis. The interests of justice dictate that the paper be deemed filed with the clerk as of the date of original delivery to the chapter 13 trustee. The chapter 13 trustee is directed to transmit the document received on behalf of Phillips to the clerk of court, and same shall be deemed filed as of the date of delivery to the chapter 13 trustee.

Turning to the merits of the objection to confirmation, the court notes that, as claims now stand, the plan will not pay 100% to all unsecured creditors. Thus, the suggestion that creditors will be paid in full under the plan is not a basis for overruling the objection. By the same token, a plan need not pay 100% in order to have been filed in good faith.

The plan proposes that the property the subject of Phillips' lawsuit be sold, with the proceeds of the sale being used to satisfy other creditor claims, after the satisfaction of the first lien against the property.

Phillips maintains in her lawsuit that the entire original conveyance of the property to the debtor pre-bankruptcy was procured through fraud, and seeks rescission of the transaction. If rescission were ordered, then the property would not (and should not) be sold by the debtor. If the plan were confirmed as proposed, it would effectively eviscerate the principal remedy sought by Phillips in her lawsuit. From Phillips' point of view, a sale would permit the debtor to profit from his alleged wrongdoing, diverting proceeds from the property to satisfy his other debts, allowing him to obtain a discharge of all his debts (including the debt to Phillips), and emerge from bankruptcy with his future income permanently sheltered from any collection activity by Phillips.

The court agrees that a plan cannot be confirmed which, within the terms of the confirmation order itself, would allow the debtor to cut off Phillips' remedies before an adjudication on the merits of her claim has been accomplished. Such a plan is not, in the view of the court, one which is proposed in good faith.

The court concludes that the defect in the plan can be cured by deleting the provisions for sale of the property in the plan, and requiring that the Phillips claim be added to the plan. The court noted on the record, and reiterates here, that this ruling does not preclude the debtor from filing a formal objection to the claim of Ollie Mae Phillips, nor does it preclude the debtor from filing a separate motion, pursuant to section 363, with notice to all, including specifically notice to Phillips, seeking to sell the property the subject of Phillips' lawsuit. Finally, the court ruled, and reiterates here, that the debtor is obligated to maintain the payments on the first lien on the subject property, as a condition to confirmation.

The court *sua sponte* ruled on the record that Phillips is permitted to file a *lis pendens* relative to this property so that the world will be on notice that equitable title to the property is in dispute. A separate order to that effect will be entered by the court.

# # #